ALBERT ROY *v.* FRANK M. BOWEN ET UX.

November Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON and SHERBURNE, JJ., and SHERMAN, Supr. J.

Opinion filed January 5, 1937.

*R. R. Twitchelll* and *H. Wm. Scott* for the defendants.

*S. H. Crosby* for the plaintiff.

SHERMAN, Supr. J. A bill of complaint was brought by plaintiff and answer and cross bill filed by defendants. After a

full hearing thereon and decree signed and filed therein, an appeal was taken to this Court. Before hearing on the appeal, a motion was filed by defendants praying for a remand.

This motion set forth in substance that the decree in the cause was not drawn by the solicitor for plaintiff in accordance with chancery rule 34, and that the same was filed before a copy thereof was submitted to defendants' solicitors, though thereafter a copy of the decree was furnished to them.

That on March 19, 1936, after receiving a copy of the decree, defendants' solicitor, H. William Scott, wrote the chancellor calling attention to a slight clerical error in the decree, and added: ''If your intention in the decree is that the defendants Frank M. Bowen and Martha E. Bowen shall have all rights regarding the real estate as tenants by the entirety that they had before the beginning of the action, *viz.*, a right to proceed against the plaintiff, as they might be advised, for rent, use and occupation, and alleged waste on the same, that is, that such rights have not been determined or decided in this action; then if paragraph four of the decree could be amended to read: 'That the cross bill be dismissed without prejudice, no rights of the defendants for use, occupation, rent and alleged waste of the premises being determined or decided herein,' that would eliminate some of our exceptions.''

That to these suggestions the chancellor replied: ''Yes, that was my intention. If you will draw a new decree with the changes as suggested, I will sign it.''

The motion further stated that after the receipt of this reply, a new decree was drawn, following the decree as signed with the exception that the claimed clerical error was corrected and the change in paragraph four as suggested was made. Then that the proposed amended decree was submitted to solicitor for plaintiff, who immediately objected thereto and filed a long brief in support of such objection.

That it then appeared to the defendants that it was necessary in order to protect their rights to file their exceptions and motion for appeal to the Supreme Court, which was done March 21, 1936. That on May 6 hearing was had before the chancellor, who held he then had no authority to amend the decree.

The defendants further stated that the matters not decided by the chancellor in the original case were important to them and that it is important before hearing in Supreme Court that

486

the decree be amended in accordance with the intention of the chancellor.

■ No question was raised at the hearing upon the motion to remand but that the chancellor had been willing and ready to sign an amended new decree in accordance with defendants' suggestions above set forth, nor was any question made (as well there could not be) of the right of this Court to remand for the purposes prayed for, though the plaintiff claimed that remand was unnecessary as the questions could be reached by an order after full hearing in the cause as here.

■■ The chancellor who heard the cause below is in the best position to determine what his intention was with reference to the decree as he adjudged the law and equity to be upon the facts. A decree as he intended it, should be in the case, rather than one not reading as he intended. This Court should not be called upon possibly to reverse or order a revision of a decree made below that is different in terms from what the chancellor intended it should be. Further, the chancellor who heard the case below should be given an opportunity to make such a decree as he intended on the facts and in accordance with the law and equity of the case as determined by him. This being done, any of the parties may contest his rulings and decree by an appeal to this Court, should they be so advised.

*Decree reversed pro forma and cause remanded to Chancellor Walter H. Cleary with leave to file such new decree as on the facts and law and equity the chancellor adjudges is required.*